UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| KEN ROMERO | CIVIL ACTION NO. 06-263 |
| VERSUS | JUDGE MELANÇON |
| CAJUN STABILIZING BOATS, INC., ET. AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court are the defendants' Response to Motion for Reconsideration and/or Motion for Summary Judgment [Rec. Doc. 78] filed in response to the Court's Order of September 12, 2007 [Rec. Doc. 74], plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Reconsideration and/or Defendants' Motion for Summary Judgment [Rec. Doc. 85], and defendants' Response to plaintiff's Reply [Rec. Doc. 89]. For the reasons that follow, the Court will maintain its judgment of August 13, 2007 [Rec. Doc. 68] and **GRANT** defendants' Motion for Summary Judgment [Rec. Doc. 78].

## I. BACKGROUND

The Court set forth the underlying facts of this case in detail in its Memorandum Ruling of August 13, 2007 [Rec. Doc. 67]. Those facts will not be repeated. In essence, this case arises from an injury sustained by Ken Romero ("plaintiff" or "Romero") in the course and scope of his employment as a "fitter/welder" with Marine Industrial Fabricators ("MIF") aboard the M/V MR. COURT, a jack-up service rig owned by Cajun Stabilizing Boats, Inc. ("defendants"). On

August 13, 2007, the Court issued a Memorandum Ruling [Rec. Doc. 67] granting Summary Judgment in favor of the defendants on plaintiff's claims under Section 905(b) of the Longshore and Harbor Workers' Compensation Act (the "LHWCA"), 33 U.S.C. §901, *et. seq.* As a result of its ruling, the Court dismissed plaintiff's claims.

Following the Court's ruling, plaintiff filed a Motion for Reconsideration [Rec. Doc. 71] alleging, among other things, that the Court erred in dismissing plaintiff's claims in their entirety. Plaintiff asserted that his complaint [Rec. Doc. 1] alleged a cause of action under the "general maritime law," and that this claim had not been addressed by the Court. After considering the record, the Court granted plaintiff's Motion for Reconsideration [Rec. Doc. 74] for the limited purpose of considering plaintiff's claims under the "general maritime law." In accordance with the Court's order, defendants filed a Response to Motion for Reconsideration and/or Motion for Summary Judgment [Rec. Doc. 78] asserting that the plaintiff has no viable cause of action under the "general maritime law."

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof

at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood*

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

*v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. LAW & ANALYSIS

*A. Exclusivity of Remedies under the LHWCA*

Under the provisions of the LHWCA, a maritime employee may bring an action for vessel negligence against the owner of the vessel. 33 U.S.C. §905(b). This statutorily prescribed action is the *exclusive remedy* for the negligence of a vessel for those persons covered by the LHWCA. *Id.* Thus, if Romero is a "covered employee" under the LHWCA, his case must be dismissed as the Court has already ruled that Romero's §905(b) claim is untenable.

To qualify as a "covered employee," a worker must fulfill both the "status" and "situs" requirements of the LHWCA. *Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 264-65 (1977). A worker fulfills the "status" requirement if he is "engaged in maritime employment." 33 U.S.C. §902(3). "Maritime employment" specifically

includes employment as a ship repairman, shipbuilder, or ship-breaker. *Id*. It is undisputed that Romero was employed by MIF as a "fitter/welder" and was engaged to perform repairs and maintenance in conjunction with a United States Coast Guard inspection of the M/V MR. COURT. *Defendants' Statement of Material Facts Not at Issue* [Rec. Doc. 78], pg. 1.[2] As his employment was as a ship repairman, applying the plain language of the statute, Romero obviously fulfills the "status" requirement.

Despite the fact that he was engaged to make repairs to the rig, plaintiff cites the case of *Herb's Welding, Inc. v. Gray*, 470 U.S. 414 (1985), in support of his

---

[2] In their Statement of Material Facts Not at Issue [Rec. Doc. 48-3] filed in conjunction with the original Motion for Summary Judgment [Rec. Doc 48], defendants specifically stated:

> On June 6, 2005, complainant was working in the course and scope of his employment with Marine Industrial Fabricators ("MIF") as a longshoreman and fitter/welder aboard the MR. COURT that was in the MIF dock in the Port of Iberia, Louisiana undergoing repairs and maintenance in conjunction with a U.S.C.G. inspection.

In his Statement of Material Facts as to which there Exists a Genuine Issue to be Tried [Rec. Doc. 56] filed in response to defendants' first Statement of Material Facts Not at Issue [Rec. Doc. 48-3], plaintiff *did not contest this statement*. Only now, in his second Statement of Material Facts [Rec. Doc. 85], does plaintiff attempt to challenge this assertion. The Court is perplexed and bothered by this glaring inconsistency and by plaintiff's attempt to change the facts to suit a particular cause of action. Local Rule 56.2 states that, "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule." As this ruling is the result of a reconsideration of the Court's original judgment on defendants' Motion for Summary Judgment [Rec. Doc. 48], Local Rule 56.2 applies and the statement is deemed **ADMITTED** due to plaintiff's failure to controvert it in his original Statement of Material Facts as to which there Exists a Genuine Issue to be Tried [Rec. Doc. 56].

The Court further directs plaintiff's counsel to Local Rule 83.2.4W wherein this district adopted the Rules of Processional Conduct of the Louisiana Bar Association, including Rule 3.3 encompassing the requirement of candor toward a tribunal. The issue of whether or not plaintiff's counsel committed legal malpractice by failing to controvert the statement at issue in the original Statement of Material Facts as to which there Exists a Genuine Issue to be Tried [Rec. Doc. 56], if the statement was actually controvertible, is left for another day and another forum.

assertion that he was not engaged in maritime employment.[3]  In *Herb's Welding*, the plaintiff was a welder who built and replaced pipelines on oil platforms.  *Herb's Welding*, 470 U.S. at 416. The United States Supreme Court found that the plaintiff was not covered by the LHWCA because "[h]e built and maintained pipelines and the platforms themselves[, and] [t]here is nothing inherently maritime about those tasks." *Id.* at 425.  In contrast, Romero's work focused on the repair of a vessel, not pipelines.[4]  This material distinction between the cited case and the case before the Court renders plaintiff's reliance on the ultimate holding of *Herb's Welding* misplaced.[5]

---

[3] Plaintiff asserts that his work was not inherently maritime in nature despite his statement in his Complaint [Rec. Doc. 1] that he was ". . . contributing to and aiding such vessel in its mission." *Complaint* [Rec. Doc. 1], pg. 2.

[4] For the first time, in his Reply to Defendants' Response to Plaintiff's Motion for Reconsideration and/or Defendants' Motion for Summary Judgment [Rec. Doc. 85], plaintiff argues that the M/V MR. COURT was not a vessel.  In the Fifth Circuit, a jack-up rig, such as the M/V MR. COURT has been classified as a vessel for maritime law purposes.  *See Vickers v. Chiles Drilling Co.,* 822 F.2d 535, 537 (5th Cir. 1987); *Marathon Pipeline Co. v. Drilling Rig Rowan/Odessa*, 761 F.2d 229, 233 (5th Cir. 1985).  In fact, in *Demette v. Falcon Drilling Co.*, 280 F.3d 492 (5th Cir. 2002), the Fifth Circuit specifically stated that it is "beyond dispute" that " . . . special-purpose movable drilling rigs, including jack-up rigs, are vessels within the meaning of admiralty law." *Demette*, 280 F.3d at 498 (*citations omitted)*.  Thus, plaintiff's contention to the contrary is clearly without merit.  Further, plaintiff has repeatedly referred to the M/V MR. COURT as a vessel in other pleadings and cannot now seriously contend otherwise.  *See Plaintiff's Complaint* [Rec. Doc. 1]; *Plaintiff's Memorandum in Response to Court's Notice of Intent to Dismiss* [Rec. Doc. 37]; *Plaintiff's Response to Defendants' Motion for Summary Judgment* [Rec. Doc. 53]; and *Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment* [Rec. Doc. 71].

[5] The Court again reminds plaintiff's counsel of their duty of candor toward the Court.  In Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Reconsideration and/or Defendants' Motion for Summary Judgment [Rec. Doc. 85], counsel states that "... the Supreme Court decided that plaintiff [in *Herb's Welding*] was not covered by the LHWCA because 'welding work was far removed from traditional LHWCA activities.'" A plain reading of this statement suggests that the Supreme Court stated that all welding work was far removed from LHWCA activities.  However, that is ***not*** what the Supreme Court held.  Instead, the full quote states "*Gray's* welding work was far removed from traditional LHWCA activities." *Herb's Welding*, 470 U.S. at 425 (emphasis added).  It appears that

Having established that Romero had "status" under the LHWCA, the Court must now consider whether his injury occurred on a covered "situs." *Caputo*, 432 U.S. at 264-65. Section 903 of the LHWCA extends coverage to employees injured on navigable waters – including "any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employed in loading, unloading, repairing, dismantling, or building a vessel." 33 U.S.C. §903(a). Throughout the pleadings, there is some inconsistency as to whether the M/V MR. COURT was in dry dock, docked and on its jack-up legs, or merely tied to the dock at the MIF facility. This dispute, however, is of no consequence as the ultimate result is the same. The statutory language specifically provides that the requirement of "situs" is fulfilled if the injury occurs upon the navigable waters of the United States which includes any adjoining dry docks. 33 U.S.C. §903(a); *See also Bienvenu v. Texaco, Inc.*, 164 F.3d 901, 904 (5th Cir. 1999). Accordingly, Romero fulfills both the "situs" and "status" requirement and is a "covered employee" under the LHWCA. As Section 905(b) is the only avenue of recovery for a "covered employee," plaintiff's claims under the "general maritime law" must fail.

---

plaintiff's counsel was attempting to mislead this Court by making a false statement of law in blatant violation of Rule 3.3(a)(1) of the Louisiana Rules of Professional Conduct as adopted by this Court. *See* Local Rule 83.2.4W. This is second instance within the same submission that the Court notes counsels' "fast and loose" approach toward compliance with their ethical obligations.

Local counsel for the plaintiff is directed to Rule 83.2.6W. "Local Counsel shall be responsible to the court at all stages of the proceedings."

*B. Prematurity of Summary Judgment*

Ignoring the Court's admonition that the rehearing was granted solely on the issue of plaintiff's claims under the "general maritime law," counsel rehashes the argument made in plaintiff's Motion for Reconsideration [Rec. Doc. 71] that Summary Judgment was premature and that the Court should allow the parties to re-depose Romero. From the record, it appears that plaintiff's counsel again failed in their duty of candor in not informing the Court that Romero had already been re-deposed following the allegedly unreliable deposition taken while he was in the hospital. *Defendants' Response to Plaintiff's Reply* [Rec. Doc. 89], pgs. 3-4. It also appears that plaintiff's counsel may have, again, attempted to mislead the Court concerning the reasons for the breaks in that original deposition. *Id.* This Court will not allow plaintiff a third bite at the apple. As such, the Court rejects plaintiff's argument of prematurity.

## IV. CONCLUSION

For the foregoing reasons, defendants' Response to Motion for Reconsideration and/or Motion for Summary Judgment [Rec. Doc. 78] will be **GRANTED** and all of plaintiff's claims against the defendants will be **DISMISSED WITH PREJUDICE**.